UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES & BARBARA CARDIFF ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| I.C. SYSTEMS, INC ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, James & Barbara Cardiff, by and through their undersigned counsel, Brent F. Vullings, Esquire, complaining of Defendant and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiffs, James & Barbara Cardiff (hereinafter "Plaintiff"), are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Defendant transacts business here and maintains a principal place of business in this District.

## III.     PARTIES

4.     Plaintiffs, James & Barbara Cardiff are adult natural persons residing at 6407 Skywae Drive, Columbus, OH 43229.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, I.C. Systems, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Ohio and the Commonwealth of Pennsylvania with its principal place of business located at 444 East Highway 96, Saint Paul, MN 55164 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.  Starting in February 2010, Defendant began a series of harassing and intimidating phone calls to Plaintiffs regarding an alleged debt owed to Huntington Bank.

8.  On March 4, 2010, Plaintiff, Barbara Cardiff, received a call from an agent of the Defendant named "Naveed". "Naveed" mocked Plaintiff, Barbara Cardiff, by stating "Well you were in a hurry to get money from Huntington Bank, and we're in a hurry to get it back."

9.  Also during the March 4, 2010 phone call, "Naveed" demanded Plaintiff, Barbara Cardiff borrow the money from a relative. "Naveed" even went so far as to imply Plaintiff, Barbara Cardiff, should sell her possessions by mentioning, "Is there anything around the house that you could do without?"

10. Still during the same March 4, 2010 phone call, Plaintiff, Barbara Cardiff, pleaded with "Naveed" to let her make a payment of $25.00 on the account, but "Naveed" snidely remarked, "That is like throwing a firecracker at a tank!"

11. "Naveed" also suggested during the March 4, 2010 phone call that Plaintiff, Barbara Cardiff, skip a house payment in order to make a payment on her account.

12. Defendant also continues to call Plaintiffs anywhere between two and five times daily. Defendant leaves voice mails demanding that Plaintiffs return their call, and although "Naveed" does not identify himself, Plaintiffs believe it is him that is leaving the messages.

13. Plaintiff never received a letter of any kind from Defendant.

14. "Naveed" indicated Plaintiff's account would be marked as a "refusal to pay", however the calls continued thereafter.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

|  |  |
|---|---|
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against I.C. Systems, Inc., for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: March 17, 2010            BY: */s/ Brent F. Vullings*
                                Brent F. Vullings, Esquire
                                Warren & Vullings, LLP
                                1603 Rhawn Street
                                Philadelphia, PA  19111
                                215-745-9800   Fax 215-745-7880
                                Attorney for Plaintiff